<u>Massey v. District of Columbia</u>, Civ. No. 05-2033     **<u>EXHIBIT 2</u>**

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*




# Due Process Complaint Notice

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. <u>The Student Hearing Office does NOT schedule resolution meetings</u>.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**A.  INFORMATION ABOUT THE STUDENT:**

Student Name: __Tiffany Martin__   Birth Date: __10/03/89__

Address: __125 16th Street NE Washington, DC 20002__

Home School: __none (neighborhood school: Eastern SHS)__

Present School of Attendance: __none__

Is this a charter school? _____   (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: __Warner Massey__

Address (if different from the student's above): __Same__

Phone/Contact Number: __546-7874__   Fax Number (if applicable): __none__

1

SEID DPCN Rev'd. 7/12/05

**B.** **_Individual Making the Complaint/Request for Due Process Hearing:_**

Name: _Warner Massey_

Complete Address: _125 16th Street, NE_
_Washington, DC 20002_

Phone: (h) _546-7874_ (w) _—_ (Fax) _—_ (e-mail) _—_

Relationship to the Student:

[X] Parent       [ ] Legal Guardian       [ ] Parent Surrogate

[ ] Self/Student    [ ] Local Education Agency (LEA)    [ ] Parent Advocate

**C.** **_Legal Representative/Attorney (if applicable):_**

Name: _Benjamin Kull, David A. Clarke School of Law_
Address: _4200 Connecticut Ave., NW Bldg 38 Room 211B_
_Washington, DC 20008_

Phone: (w) _274-7319_ (Fax) _274-5569_ (e-mail) _benk516@yahoo.com_

Will attorney / legal representative attend the resolution session?  [X] Yes   [ ] No

**D.** **_Complaint Made Against (check all that apply):_**

[X] DCPS school (name of the school if different from page one) _DCPS_
[ ] Charter school (name of the charter school if different from page one) ___
[ ] Non-public school or residential treatment facility (name) ___
[ ] Parent

**E.** **_Resolution Session Meeting Between Parent and LEA:_**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

[ ] I wish to waive the Resolution Session Meeting

**F.** **_Mediation Process:_**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

[ ]   I am requesting mediation as an alternative to the resolution session meeting.
[ ]   I am requesting mediation and a due process hearing.
[ ]   I am requesting mediation **only** at this time.

2

SEID DPCN Rev'd 7/12/05

G. **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1. What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

   *See attached letter.*

2. To the extent known to you at this time, how can this problem be resolved?

   *See attached letter.*

3. Issues presented:

   *See attached letter.*

H. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific) *NONE*
- Other_____

3

SEID DPCN Rev'd. 7/12/05

**I.** **Waiver of Procedural Safeguards:**

☐ I (parent/guardian) waive receiving a copy of the procedural safeguards at this time.

**J.** **Parent Signature and Affirmation:**

I affirm that the information provided on this form is true and correct.

_____    10/7/05
Signature of Parent or Guardian               Date

**K.** **Signature of Attorney/ Legal Representative:**

_____    10/7/05
Legal Representative / Advocate               Date

**L.** **Signature of LEA Representative (if hearing requested by LEA):**

_____    _____
Representative of LEA                         Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

4

SEID DPCN Rev'd. 7/12/05

# University of the District of Columbia

**David A. Clarke School of Law**
*Juvenile and Special Education Clinic*
4200 Connecticut Avenue, N.W., Bldg. 39, Room 211B
Washington, D.C. 20008
Phone: (202) 274-7314
Fax:   (202) 274-5569



*VIA FACSIMILE*

October 7, 2005

Special Education Student Hearing Office
District of Columbia Public Schools
825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002-1992

    Re:   *Tiffany Martin (d.o.b. 10/03/89)*

To Whom It May Concern:

The Juvenile and Special Education Clinic at the University of the District of Columbia David A. Clarke School of Law (the Clinic) represents the parents of Tiffany Martin – Ms. Kathy Martin and Mr. Warner Massey – in regards to Tiffany's special education matters. On behalf of our clients, we request an expedited due process hearing pursuant to 20 U.S.C.A. § 1415 (2004).

## DCPS's current failure to provide Tiffany with a Free Appropriate Public Education

Tiffany is a sixteen-year-old resident of the District of Columbia who has been identified as both learning disabled and emotionally disturbed. She currently has no school placement. In failing to find or propose an appropriate educational placement for Tiffany, DCPS is failing to provide her with a free appropriate public education (FAPE), in violation of the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA). 20 U.S.C.A. § 1400 *et seq.* (2004).

On September 8, 2005, Tiffany was discharged from Riverside Hospital, where she had been a patient in the residential treatment center since August 5, 2004. While in residential treatment at Riverside Hospital, Tiffany was a student at Riverside Academy, the educational program at Riverside Hospital. Discharge from Riverside Hospital terminated Tiffany's enrollment at Riverside Academy. DCPS personnel were continuously responsible for providing an appropriate special education placement for Tiffany. They failed to provide a notice of placement in anticipation of her discharge from Riverside. On August 15, 2005, a law student advocate from the Clinic sent a letter to notify Ms. Ruth Blake of the DCPS Office of Special Education of Tiffany's discharge. Nonetheless, DCPS personnel have failed to propose a school

Page 1 of 4

placement for Tiffany.

On September 16, 2005, Mr. Benjamin Kull from the Clinic sent a letter to Ms. Kymberly Grafton, DCPS Office of Special Education, and Ms. Lori Ludwick, DCPS Site Referral Team, notifying DCPS that Tiffany had been accepted at Leary School, Prince George's County (Leary School). In the September 16, 2005 letter, Mr. Kull requested that DCPS place Tiffany at Leary School and that DCPS respond to the request pursuant to the IDEIA. DCPS representatives have not responded to the Clinic or Tiffany's parents regarding this request for placement at Leary.

On September 21, 2005, an IEP meeting was held at Riverside Academy to update Tiffany's IEP in light of her discharge. Kymberly Grafton represented DCPS at the meeting. Ms. Grafton stated that DCPS did not have a proposed placement for Tiffany at that time because DCPS needed a signed release from Tiffany's parents so that DCPS could obtain Tiffany's medical records. She stated that DCPS needed these records in order to find a placement for Tiffany. Ms. Grafton did not state why DCPS had waited until the day of the IEP meeting – thirteen days after Tiffany's discharge – to ask Tiffany's parents for this signed release. Ms. Kathy Martin, Tiffany's mother, signed the release at the September 21, 2005 IEP meeting. Ms. Grafton then stated that DCPS would have a proposed placement for Tiffany by September 26, 2005. Ms. Grafton also requested that this Clinic forward her a copy of Tiffany's acceptance letter from Leary School.

DCPS did not contact either the Clinic or Tiffany's parents with a proposed placement on September 26, 2005. On September 29, 2005, Mr. Kull from the Clinic sent another letter to Ms. Grafton and Ms. Ludwick forwarding the Leary School acceptance letter and renewing the request that DCPS place Tiffany at Leary School. As of the date of this hearing request, DCPS has neither responded to the renewed request to place Tiffany at Leary School nor proposed a school placement for her.

In failing to find or propose an appropriate educational placement for Tiffany, DCPS is failing to provide her with FAPE. We request that the Hearing Officer order DCPS to issue a Notice of Placement for Leary School so that Tiffany may return to school immediately.

### DCPS's past failure to provide Tiffany with a Free Appropriate Public Education

DCPS "carries the burden of proving, by a preponderance of the evidence, that its actions have adequately met the educational needs of the student." Argueta v. Government of the District of Columbia, 355 F. Supp. 2d 408, 413 (D.D.C. 2005) (citing 5 DCMR 3022.16; 20 U.S.C. §§ 1401(a)(1) and 1415(b)(2)). This includes the "burden of proving that [a student's] IEP was carried out." Id. Quite clearly, since Tiffany's discharge from Riverside Hospital, DCPS has failed to meet Tiffany's educational needs and provide her with FAPE. Consequently, under prevailing case law, Tiffany is entitled to receive compensatory education. See Blackman v. District of Columbia, 374 F. Supp. 2d 168, 171 (D.D.C. 2005) ("Where a school system fails to provide special education or related services, a student may be entitled to compensatory education.")

Tiffany's achievement evaluations and student records also reveal that DCPS has failed to meet Tiffany's educational needs and provide her with FAPE over the course of her educational history. According to Tiffany's May 5, 2004 IEP, her grade-level performance as of May 5, 1999 varied between 2.3 and 3.8 in math and reading skills. Tiffany's most recent achievement evaluation, completed July 21, 2005, at Riverside Hospital, indicates grade equivalent performance levels ranging from 2.3 to 4.2 in math, reading and writing skills. During each of the six years between 1999 and 2005, an updated IEP was in place for Tiffany. Nonetheless, Tiffany has made virtually no academic progress during this time. The District Court for the District of Columbia has considered lack of progress in deciding whether compensatory education is an appropriate remedy. In Blackman, that court stated, "in light of [the student's] continuing behavioral problems and *lack of education progress* since he first was found eligible for special education in 2002, it would be difficult to conclude that DCPS's failure was without consequence to [the student]. A determination of the 'amount, form and method of implementation of compensatory education due' therefore is necessary." Blackman, 374 F. Supp 2d at 171 (emphasis added).

Furthermore, Tiffany's student records contain no evidence that her IEPs were ever adequately implemented. Although DCPS is obligated to maintain a student's cumulative education records for seventy-five (75) years after a student leaves the school system, 5 DCMR § 2606, it appears that no cumulative file exists for Tiffany. The Clinic has sent written requests for records to Garnet-Patterson Middle School, Eliot Junior High School, and Cardozo Senior High School.[1] As of the filing of this notice, Cardozo SHS is the only school that has found any education records for Tiffany; however, these records include only one grade report from one DCPS school.

Additionally, from May 2002 until August 2004, DCPS did not perform a triennial reevaluation on Tiffany, as required under 20 U.S.C.A. § 1414(a)(2)(B)(ii). It was not until August 5, 2004 – over five years after her initial evaluation in May 1999 – that Tiffany was reevaluated. Thus Tiffany's IEPs of May 2002, May 2003 and May 2004 are invalid, so DCPS could not have provided Tiffany with FAPE during this time.

For the foregoing reasons, we request that the Hearing Officer award Tiffany compensatory education for the entire period for which no academic progress was made and for which no education records demonstrate that Tiffany's IEPs were adequately implemented.

---

[1] Although Tiffany never attended Cardozo, her records were forwarded there by staff at Garnet-Patterson, the last DCPS school she attended.

## Conclusion

In sum, we request that the Hearing Officer:
1. Order DCPS to issue a Notice of Placement for Leary School, and
2. Award compensatory education from May 1999 until such time as DCPS places Tiffany in an appropriate school and begins providing her with FAPE.

Respectfully submitted,

Benjamin Kull
Special Education Advocate

**UNIVERSITY OF THE DISTRICT OF COLUMBIA**
DAVID A. CLARKE SCHOOL OF LAW
LEGAL CLINICS
4200 Connecticut Avenue, N.W.
Building 38, 2nd Floor
Washington, DC 20008
Telephone: (202) 274-_____   Fascimile: (202) 274-5569



## FASCIMILE TRANSMITTAL AND COVER SHEET

TO: Student Hearing Office

Agency/Organization: DCPS

Facsimile Number: 202 442-5556

FROM: Benjamin Kull

DATE: 10/7/05

Brief message: Hearing Request for Tiffany Martin

☞ This cover sheet is the 1st of 9 pages.
If there are any errors in this transmittal, please call me. (·fax·)
I can be reached at (202) _____ (office) or (202) 274-5569.

### ATTENTION!

The information contained in this transmission is privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you receive this transmission in error, please notify us immediately by telephone and return the original by fax to the number listed above. Thank you.

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of *Tiffany M.* | ) | BEFORE A SPECIAL EDUCATION |
| Petitioner | ) | |
| | ) | |
| Vs. | ) | HEARING OFFICER |
| *DCPS-Eastern SHS* | ) | |
| | ) | DISTRICT OF COLUMBIA |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1. A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. The <u>Student Hearing Office does not schedule or participate in resolution meetings</u>.

2. The complaint notice was filed on *October 11, 2005*

3. The deadline for the resolution meeting is *October 26, 05* unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A. *Prior Written Notice Not Issued by the Local Educational Agency.* If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

   1. An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
   2. A description of other options that the IEP Team considered and the reasons why those options were rejected;
   3. A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and
   4. A description of the factors that are relevant to the agency's proposal or refusal.

Rev'd 7/6/05

B.  Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than __October 2/05__

C.  <u>Deficiency Notice</u>. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.  The deadline for filing a deficiency notice is __October 26, 2005__

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. Information about the time, date, and location of the resolution meeting will be provided by the school or the Local Education Agency responsible for scheduling the meeting.

Rev'd 7/6/05