IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WARNER MASSEY | ) | |
| and | ) | |
| KATHY MASSEY | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 05-2033 (RCL) |
| DISTRICT OF COLUMBIA, <u>et al</u>. | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ADDENDUM TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

On October 27, 2005, the parties appeared before this honorable court for oral argument on plaintiffs' Motion for a Preliminary Injunction. At the end of the hearing the Honorable Royce Lamberth requested the defendants to submit affidavits from the District of Columbia Public Schools ("DCPS") as to why DCPS allegedly had not complied with the Scheduling Memorandum's requirements of a Prior Written Notice within 10 days of receipt of the parents' due process complaint, and the holding of a resolution meeting within 15 days of receiving notice of the parents' complaint. The Honorable Royce Lamberth also asked defendants to submit an affidavit that MM Washington Center ("MMW"), DCPS' proposed placement for the student, served

students whose disabilities were both Emotional Disturbance ("ED") and Learning Disabled ("LD").

In accordance with the court's request defendants are attaching the following: Exhibit 1, Declaration of Lori Ludwick; Exhibit 2, Declaration of Gina Scales-Johnson; Exhibit 3, Resolution Meeting Confirmation; Exhibit 4, Fax to Benjamin Kull; and Exhibit 5, Hearing Notice.

Defendants also respond as follows: The Individuals With Disabilities Act, 108 P.L. 446; 118 Stat. 2647; 108 Congress-2nd Session, Sec. 615 (c)(I) provides that "[i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's <u>due process</u> complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response…." Here, the subject matter of the parents' complaint was the alleged failure of DCPS to place the student. The Declaration of Lori Ludwick, Parent Partnership Officer for Division 6 schools, states that on October 17, 2005, DCPS issued a Prior Notice placing the student at MMW. (Declaration at 2) Accordingly, DCPS complied with Sec. 615 (c) (I) by sending a written notice 6 days after receipt of the complaint, well within the statutory time limit.

The Declaration of Lori Ludwick further states that "MMW is a DCPS Special Education Center located in DC, *serving students whose primary disability is Emotional Disturbance (ED) and those with a secondary disability of LD (Learning Disabled).* (Declaration at 2) Ms. Ludwick further describes the student-teacher ratio as not more than 10:2 and lists a number of services the school provides. Ms. Ludwick's Declaration further states that DCALA, also a proposed placement for the student, has "several

programs located throughout DC- one for 6th through 8th grades, one for 9th and 10th grades, one for 11th and 12th grades and one that serves 9th through 12th grades. DCALA provides similar services to MMW." (Declaration at 3)  Thus DCALA, which serves both ED and LD students, would also have been an appropriate placement for this student.

The Declaration of Gina Scales-Johnson states that on October 18, 2005, six days after receiving a copy of the due process complaint notice filed on October 11, 2005, she telephoned Mr. Massey twice in an effort to schedule the resolution session.  Ms. Scales-Johnson, did not reach the parent but left two messages.  Ms. Scales Johnson also attempted to reach Mr. Massey on October 19, 2005 and October 25, 2005.  Ms. Scales-Johnson again left messages, but received no response from either parent.  Thus on October 25, 2005, Ms. Scales Johnson sent a written resolution session meeting notice scheduling the session for November 4, 2005, at 9:00 a.m. to Mr. Massey by certified and regular mail and faxed a copy to Benjamin Krull on October 27, 2005.  (Declaration of Gina Scales-Johnson at 1-2; and exhibits 3 and 4)

Accordingly, if no meeting was held on or before October 26, 2005, it was not for lack of effort on the part of DCPS to schedule a meeting.  DCPS attempted on four separate occasions to contact the parents in an effort to find a mutually convenient time for the resolution meeting.  However, the parents did not respond.  DCPS made a good faith attempt to timely schedule the resolution meeting and should not be penalized for the lack of cooperation on the part of the parents.

Defendants are also attaching a Hearing Notice setting the Due Process Hearing for 12/2/05 at 9:00 a.m., well within the time frame required by the statute.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625

October 28, 2005