UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARNER MASSEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2033 (RCL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion [6] to dismiss, or in the alternative for summary judgment, filed on October 25, 2005. Plaintiffs filed an opposition [13] thereto on November 4, 2005. This Court issued a Memorandum Opinion [11] and Order [12] granting plaintiffs' motion for a preliminary injunction on November 3, 2005. *Massey v. District of Columbia*, 400 F. Supp. 2d 66 (D.D.C. 2005) (Lamberth, J.). That Opinion and Order disposed of two of the three issues defendants raise in their motion to dismiss or in the alternative for summary judgment. As to the remaining issue, this Court has considered the parties' filings, the applicable law and the entire record herein, and has concluded that defendants' motion [6] shall be DENIED.

This matter arose from a dispute over the District of Columbia's federal legal obligations to plaintiff Tiffany, a teenager with special educational needs. Previously, this Court found that the District of Columbia had failed to comply with the statutory requirements and that plaintiffs were entitled to a preliminary injunction requiring Tiffany's placement at Leary School, a private school that can meet her needs. *Massey*, 400 F. Supp. 2d 66.

Defendants make several arguments in their instant motion. First, they argue that plaintiffs' claim that the District of Columbia Public Schools ("DCPS") violated federal law by failing to respond to requests in writing is moot because DCPS has in fact responded to plaintiffs' requests. (Defs.' Mem. Supp. 7-8.) Second, defendants argue that plaintiffs' claim under the ADA must be denied for failure to state a cause of action because her claim is more appropriately situated under the IDEA, and because the conduct about which she is complaining does not rise to the level of violating the ADA. (*Id.* at 9-11.) Third, defendants argue that plaintiffs' claims should be dismissed because they have failed to exhaust their administrative remedies, as required by statutory and case law. (*Id.* at 11-13.) Plaintiffs, in their opposition, dispute each of defendants' claims.

This Court's November 4, 2005 Memorandum Opinion and Order disposed of defendants' first and third arguments. As to defendants' third argument that plaintiffs should have exhausted administrative remedies before proceeding to litigation, this Court found that plaintiffs were not required to exhaust their administrative remedies in this case because DCPS' administrative process was inadequate. *Massey*, 400 F. Supp. 2d at 73-74. Similarly, DCPS' administrative process was found to be inadequate partly because its DCPS' written response was insufficient under the statute. Specifically, this Court found that DCPS' failure to respond in the way explicitly required by the statute failed to satisfy the statutory requirement of a written response. *Id.* at 72-73. Accordingly, plaintiffs' claim on that basis is not moot.

Only defendants' second argument remains unaddressed by this Court, and it shall be discussed in this Memorandum and Order. Defendants argue that plaintiffs' assertion in Claim II of the complaint that DCPS' denial of a free appropriate public education violates the ADA is

misplaced. Defendants contend that, unless plaintiffs allege additional misconduct that would bring the action under the ADA, they are limited to remedies under the IDEA. (Defs.' Mem. Supp. 9-11.) Plaintiffs' response is that all of the facts supporting their claims would support the allegation of additional misconduct that defendants claim is necessary, but that in any event, the federal rules and binding precedent do not require them to plead those facts at this time. (Pls.' Opp'n 6-10.)

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *See Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)). This Court need not accept, however, asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

As for the legal standard governing defendants' alternative motion for summary judgment, such will be granted only when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. If defendants demonstrate that plaintiffs fail to establish an issue that is necessary to their case and for which they would bear the burden of proof at trial, the motion will be granted. *See Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).

This Court finds that both of defendants' arguments lack merit under both the motion to dismiss and summary judgment standards. As plaintiffs note, a complaint is not required to state with particularity all the facts supporting the allegations. *Conley*, 355 U.S. at 48 (citing Rule 8(f)'s 'substantial justice' provision in ruling that the complaint at issue "adequately set forth a claim and gave the respondents fair notice of its basis") (citations omitted). Since plaintiffs were not required to state in their complaint all the facts supporting their allegations, their failure to do so does not defeat their claim. Were defendants' reading of the statutory requirements correct, plaintiffs could certainly allege facts to meet those requirements. There is no reason, at this early stage in the litigation, to dismiss their claim for failing to do so.

As to defendants' other argument that plaintiffs' claim is more appropriately brought only under the IDEA, this Court disagrees. There is no basis for construing the IDEA as an exclusive remedy. *See, e.g.*, 20 U.S.C. § 1514(*l*) (noting that "[n]othing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act . . . or other Federal laws protecting the rights of children with disabilities"). At this point in the litigation, plaintiffs have alleged sufficient facts to maintain their claims under both the ADA and the IDEA. Defendants fail to carry their burden of demonstrating that no genuine issue of material fact exists under either claim.

For the foregoing reasons, it is hereby

ORDERED that defendants' motion [6] to dismiss, or in the alternative for summary judgment, is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 12, 2006.