UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Warner Massey**, *et al.*,        ) | |
|     **Plaintiffs**        ) | |
|             ) | |
| v.        ) | |
|             ) | Case No. 1:05-cv-2033 (RCL) |
| **District of Columbia, et al.,**        ) | |
|     **Defendants**        ) | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Pursuant to Fed. R. Civ. P. 54(d)(2)(a)&(b) and the Individuals with Disabilities Education Improvement Act of 2004, 42 U.S.C. § 1415(i)(3)(B), Plaintiffs move for attorneys' fees in the amount of $4,000. In support of this motion, Plaintiffs state the following:

1. Plaintiffs Warner Massey and Kathy Massey filed this action on October 13, 2005, requesting that the Superior Court for the District of Columbia issue an temporary restraining order and a preliminary injunction ordering the Defendants to (a) issue a notice of placement for their daughter, Tiffany Martin, to attend Leary School, and (b) arrange for and fund all related aspects of Tiffany Martin's education at Leary School, as provided for under the relevant law.

2. Upon being served with the complaint that Plaintiffs had filed in the Superior Court for the District of Columbia, Defendants removed the case to this Court.

3. On November 3, 2005, the Court granted Plaintiffs' motion for a preliminary injunction.

4. At a status hearing on December 14, 2006, based upon an unopposed oral motion from the defendants, the Court dismissed the case.

5. Plaintiffs are the prevailing party and are entitled to attorneys' fees. The Court's ruling – the granting of the preliminary injunction -- altered the legal relationship of the parties, and Plaintiffs obtained the placement of their daughter at the Leary School. At the status hearing on December 14, 2006, Plaintiffs stated their intention to seek attorneys' fees. With this timely filing, Plaintiffs seek $4000, the maximum amount that the District of Columbia is authorized to pay under the fee cap imposed on this jurisdiction by Congress.

Respectfully submitted,

/s/ Joseph B. Tulman

_____
Joseph Tulman, Esq.
D.C. Bar No. 297671

University of the District of Columbia
David A. Clarke School of Law
Juvenile and Special Education Clinic
4200 Connecticut Avenue, Bldg. 39, 2nd Floor
Washington, DC 20008
(202) 274-7314
fax: (202) 274-5569

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Warner Massey**, *et al.*,<br>    **Plaintiffs**<br><br>    v.<br><br>**District of Columbia, et al.**,<br>    **Defendants** | )<br>)<br>)<br>)<br>)   Case No. 1:05-cv-2033 (RCL)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Plaintiffs Warner Massey and Kathy Massey filed this action on October 13, 2005, requesting that the Superior Court for the District of Columbia issue a Temporary Restraining Order and a Preliminary Injunction ordering the defendants to (a) issue a notice of placement for their daughter, Tiffany Martin, to attend Leary School, and (b) arrange for and fund all related aspects of Tiffany Martin's education at Leary School, as provided for under the relevant law.  Upon being served with a complaint filed in the Superior Court for the District of Columbia, Defendants removed the case to this Court.  On November 3, 2005, this Court granted the plaintiffs' motion for a preliminary injunction.  At a status hearing on December 14, 2006, based upon an unopposed oral motion from the defendants, the Court dismissed the case.

The Individuals with Disabilities Education Improvement Act of 2004 (IDEIA), 20 U.S.C.A. § 1415(i)(3)(B) provides the following:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys'

3

fees as part of the costs (1) to a prevailing party who is the parent of a child with a disability." Pursuant to FED. R. CIV. P. 54(d)(2)(B),

> [u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

Plaintiffs prevailed in this case. See generally, Buckhannon v. W. Va. Dept. of Health & Human Resources, 121 S.Ct. 1835 (2001). The Court granted the Plaintiffs' preliminary injunction, providing – as acknowledged by Defendants' counsel at the status hearing on December 14, 2006 – all of the relief that Plaintiffs sought. The Court's order altered the legal relationship of the parties, requiring Defendants to place and fund Plaintiffs' daughter, Tiffany Martin, in the Leary School.

In the District of Columbia Appropriations Act of 2005, Congress has capped attorneys' fees recoverable by a prevailing parent in an IDEIA matter in the District of Columbia at $4000. Kaseman v. District of Columbia, 444 F3d 637, 638 (D.C. Cir. 2006) [1]

In a memo, dated October 1, 2006, to members of the special education bar, the General Counsel of the District of Columbia Public Schools (DCPS) provided the hourly rates that DCPS will pay for attorneys' fees in special education cases. Under that schedule, work by paralegals and law clerks is billable at $90.00 an hour. The rate for lawyers admitted to the bar for more than eight years is $275.00 per hour; Defendants

---

[1] Plaintiff recognizes the theoretical possibility of recovering attorneys' fees in excess of $4000 for this matter at a future point (if, for example, Congress lifted the cap and allowed retroactive recovery of fees). Plaintiff is not seeking fees in excess of $4000 and waives any claim for additional attorneys' fees in this matter.

take the position that the rates in their schedule are consistent with the Laffey matrix.[2] (See Exhibit 1.)

Ben Kull, the first law student advocate representing the Masseys under the supervision of Professor Tulman, worked a total or 206.7 hours on this case.[3] (See Exhibit 2.) At $90.00 per hour, Mr. Kull billed $18,603.00. Plaintiffs are not submitting hours for Professor Tulman,[4] but they reserve the right to submit those hours should Defendants oppose this request for attorneys' fees and challenge the hours submitted for the work of Mr. Kull.

Plaintiffs request attorneys' fees in the amount of $4000.

Respectfully submitted,


/s/ Joseph B. Tulman

_____
Joseph B. Tulman, Esq.
D.C. Bar No. 297671

University of the District of Columbia
David A. Clarke School of Law
Juvenile and Special Education Clinic
4200 Connecticut Avenue, Bldg. 39, 2nd Floor
Washington, DC 20008
(202) 274-7314
fax: (202) 274-5569

*Counsel for Plaintiffs*

---

[2] Given Plaintiffs' position that they do not seek attorneys' fees in excess of the $4000 cap, Plaintiffs have no reason to challenge in the context of this application for attorneys' fees the hourly rates applicable to the law student or the law professor who worked on this case.

[3] In this request for attorneys' fees, Plaintiffs are not including work done and hours logged by law students who have worked on this case in spring 2006, summer 2006, or fall 2006. Plaintiffs also are not requesting attorneys' fees for hours worked by Professor Tulman after the end of the fall semester of 2005.

[4] Joseph Tulman has been a member of the D.C. Bar since 1979. Under Defendants' schedule, Professor Tulman's hourly billing rate would be $275.

## Certificate of Service

I hereby certify that Plaintiffs have served this motion for attorneys' fees with supporting memorandum of points and authorities to Defendants electronically on December 28, 2006.

/s/ Joseph B. Tulman
_____
Joseph B. Tulman